MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

AARON D. WEGNER  (CABN 243809)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-6831
    Fax: (415) 436-7234
    E-Mail: aaron.wegner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | No. CR 11-0097-CRB |
|     Plaintiff,                                            ) | |
|     v.                                                        ) | [~~PROPOSED~~] **ORDER OF DETENTION OF DEFENDANT SKYLER CHANG** |
| SKYLER CHANG,                                   ) | |
|     Defendant.                                         ) | |

    The defendant came before this Court on March 15, 2011, for a detention hearing.  The defendant was present and represented by Frank Bell.  Assistant United States Attorney Aaron Wegner represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community.

    Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or

CR 11-0097-CRB
[~~Proposed~~] Detention Order

1  combination of conditions will reasonably assure the safety of any other person and the
2  community.  The Court orders the defendant detained.
3        The present order supplements the Court's findings at the detention hearing and serves as
4  a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).
5        The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
6  Court must consider in determining whether pretrial detention is warranted.  In coming to its
7  decision, the Court has considered those factors, paraphrased below:
8        (1)  the nature and seriousness of the offense charged;
9        (2)  the weight of the evidence against the person;
10       (3)  the history and characteristics of the person including, among other considerations,
11            employment, past conduct and criminal history, and records of court appearances; and
12       (4)  the nature and seriousness of the danger to any person or the community that would
13            be posed by the person's release.
14 18 U.S.C. § 3142(g).
15       After hearing the proffers of both parties, the Court finds that the government has shown
16 by clear and convincing evidence that no combination of conditions will assure the safety of the
17 community.  In considering all of the facts and proffers presented at the hearing, the Court finds
18 the following factors among the most compelling in reaching its conclusion:
19       First, the government has proffered that the defendant participated in multiple drug deals,
20 including deals for cocaine, methamphetamine, and ephedrine, as part of his criminal conduct in
21 this case.
22       Second, the government has proffered that the defendant threatened violence against a
23 confidential source and the confidential source's family.
24       These factors, among others adduced at the hearing, clearly and convincingly demonstrate
25 that if released the defendant would be a danger to the community.
26       Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:
27       (1) the defendant is committed to the custody of the United States Marshal's Office for
28            confinement in a corrections facility; and

CR 11-0097-CRB
[Proposed] Detention Order

1  (2) the defendant be afforded reasonable opportunity for private consultation with his
2  counsel.
3
4  Dated: ~~March ___, 2011~~ 06/17/2011

   _____
   JOSEPH C. SPERO
   United States Magistrate Judge

   *Judge Joseph C. Spero*

CR 11-0097-CRB
[Proposed] Detention Order